CLARK, J.
 

 W.Frank Wells Nursing Home (“the nursing home”) appeals the final order of the Agency for Health Care Administration (“AHCA”) upholding the Notice of Deficiencies and class III citation issued to the nursing home for a violation of section 394.463(2), Florida Statutes. Because the undisputed facts fail to establish that a violation of section 394.463(2) occurred, the agency’s final action must be set aside.
 

 The incident which led to the citation took place on August 14, 2006 in a facility housing both the nursing home and the Ed Frazer Memorial Hospital (“the hospital”). The nursing home and hospital were separately licensed but were owned by the same corporation. On August 14, 2006, the nursing director for the nursing home called the resident’s attending physician for instructions on how to deal with the resident’s behavioral downturn. The attending physician issued a verbal order, noted by the nursing staff, to “Send to ER for mental eval.” Based on this instruction, the nursing director and a social worker familiar with the resident’s case accompanied the resident about 300 feet
 
 *329
 
 through the building to the hospital area’s emergency room. There, the emergency room physician evaluated the nursing home resident’s condition and determined that further evaluation by a professional from Northeast Florida State Hospital was needed. At this point, the procedures required by section 394.463(2)(b) were undertaken: a mental health professional from NEFSH was called to the hospital to examine the resident and the attending physician was again contacted by telephone and issued a second verbal order, this time directing staff to “Transfer resident to NEFSH.” The nursing home resident was transported to the State Hospital later that evening.
 

 Section 394.463(2)(b), Florida Statutes, prohibits nursing homes and assisted living facilities from removing residents and transporting them “to a receiving facility for involuntary examination” without first obtaining “an ex parte order, a professional certificate, or a law enforcement officer’s report.” There was no question of fact in this case that the nursing home resident was taken from the nursing home area of the facility to the hospital area before any of the listed documents was prepared. However, this movement of the resident did not trigger section 394.463(2)(b) because the resident was not discharged from the nursing home or otherwise removed from resident status at this point. Furthermore, the hospital emergency room was not a Baker Act “receiving facility” designated by AHCA, and the physician’s order was for a general “mental evaluation,” not an involuntary examination defined by section 394.455(34) as one “to determine if an individual qualifies for involuntary inpatient treatment under s. 394.467(1).” The “mental evaluation” first ordered by the attending physician was not equivalent to the “involuntary examination” described in section 394.455(34) and governed by section 394.463. The undisputed facts showing that the procedures required by section 394.463 were followed later that evening, resulting in the resident’s transport NEFSH (the only designated receiving facility in the county), reinforce the nursing home’s position that it did not commit any violation of section 394.463(2).
 

 We are mindful of the important rights of nursing home residents which AHCA is charged with protecting, including the right to be transferred or discharged only for certain reasons after appropriate procedures are followed. §§ 400.022 & 400.0255, Fla. Stat. However, in light of the circumstances and undisputed facts of this case, the agency’s final order upholding the citation of the nursing home for violation of section 394.463 is a clearly erroneous application of section 394.463(2) to those facts. See § 120.68(7)(d) & (7)(e)4., Fla. Stat. The final order is therefore SET ASIDE and matter is REMANDED to AHCA for the removal of the citation from the nursing home’s record of regulatory action.
 

 DAVIS and VAN NORTWICK, JJ., concur.